NEWARK TELEPHONE CO. v. J. FRANK SWARTZ.

Telephone Company Required to Raise Cables and Wires to Permit Moving Building but Expense Chargeable against Mover.

> A telephone company may be required to raise its cables and wires to such a height as to permit the moving of a building thereunder, but the company may insist on doing the work itself and charge the expense of so doing to the mover of the building.

[Syllabus by the court.]

APPEAL from common pleas court.

*Kibler & Kibler,* for plaintiff:

Cited and commented upon by the following authorities: *Dickson* v. *Motor Co.* 53 Ill. App. 379; *New York & N. J. Tel. Co.* v. *Dexheimer,* 14 N. J. Law 295; *Northwestern Tel. Ex. Co.* v. *Anderson,* 12 N. D. 585 [98 N. W. Rep. 706; 65 L. R. A. 771; 102 Am. St. Rep. 580]; *Millville Trac. Co.* v. *Goodwin,* 53 N. J. Eq. 448 [32 Atl. Rep. 263]; *Williams* v. *Railway,* 130 Ind. 71 [29 N. E. Rep. 408; 15 L. R. A. 64; 30 Am. St. Rep. 201]; *Fort Madison St. Ry.* v. *Hughes,* 137 Iowa 122 [114 N. W.

Rep. 10; 14 L. R. A. (N. S.) 448]; *Toledo, B. G. & So. Trac. Co.* v. *Sterling,* 29 O. C. C. 227 (9 N. S. 200); *Cleveland Tel. Co.* v. *South Newburgh,* 52 Bull. 173 (4 N. P. N. S. 624).

*Flory & Flory,* for defendant.

## PER CURIAM.

This is an action to enjoin the defendant, who is a mover of buildings, from interfering with the wires and cables of the plaintiff, the Newark Telephone Company, in the moving of a building located on a lot abutting on Jefferson street in the city of Newark, Ohio, and which the plaintiff claims can not be done without raising the wires and cables of the plaintiff, or cutting them. The petition, by proper averments, sets out the cause of action, and prays that the defendant be enjoined.

The defendant, by answer, admits that he is about to move a building from one lot, abutting on Jefferson street, west some distance to another lot on said street; and that it will be necessary, in moving said building, to raise the cables of the plaintiff from six to nine feet higher than they are now located on its poles along said street, and avers that he did not intend to cut, destroy or injure the plaintiff's property in any way, but that he simply desired to loosen said cables as they are now fastened to the poles on plaintiff's system of telephone lines, and raise the same so that said building could pass under said cables, in taking it from the lot where it is now located under the cables, when moving the building from Jefferson street to the lot to which it is to be moved.

A reply is filed to this answer, denying all the averments of the same which are not admissions of facts set forth in the petition. A temporary injunction was allowed, and a motion was filed to dissolve the same. The case was appealed to this court, and was heard upon its merits.

We think the principal contention here arises upon the proposition as to whether or not the defendant, in the exercise of his calling as a mover of buildings, would have the right to loosen the cables of the plaintiff and raise the same on its poles from six to nine feet, as he says he requested the plaintiff to do. The plaintiff contends that it has been, and is now, willing to raise

said cables on said poles, so as to permit the passage of said building under the same, provided the defendant would pay the expense of such moving, which the defendant refused to do, but claims that he would have the right to raise the same at his own expense.

We think that this is substantially the controversy in this action, and we think further that the position of the defendant in relation thereto is untenable. While the right of the telephone company on Jefferson street is not an ordinary use of such street, yet it is there by a franchise granted by the city of Newark, and has the right so to be there; that while it would be without right or authority to prevent the defendant from using the street for the moving of buildings, we think also that this is not an ordinary use of such street, and while the defendant would have the right to use the street for that purpose, yet he must do so in such a manner as not to interfere with the rights of the plaintiff in occupying the street with its poles, wires and cables.

It is argued that the franchise, which has been granted to the plaintiff, and under which its poles occupy the street, provides that in no event shall the streets, avenues, lanes, alleys and courts be unnecessarily obstructed, and that plaintiff's action in refusing to raise such cables without the defendant's paying the expense thereof, is in violation of this part of its franchise. We find from the evidence that, while it is true that there is such a provision in the franchise, there is also a provision that the property of the plaintiff, its wires, poles and cables, shall not be unnecessarily interfered with, and we think that the rights of the plaintiff and the defendant, respectively, are mutual in Jefferson street. We think that the plaintiff, since it is in its nature a public service corporation, has the right to insist upon doing whatever may be necessary to be done to its property in the way of arranging the same for the passage of buildings underneath its wires and cables, and that it is not obliged to do so without being paid therefor. The defendant is without any right or authority to raise the cables or wires of the plaintiff upon its poles without the plaintiff's consent, and that the de-

Telephone Co. v. Swartz.

fendant would be a trespasser in attempting so to do, and because of the public service nature of the plaintiff we think that an injunction would lie, where in ordinary cases between individuals it would not lie to prevent the commission of a trespass.

It is further contended that, under the ordinance of the city of Newark, plaintiff is a trespasser in having its wires strung lower than thirty-five feet. We find that this provision of the ordinance is not applicable to the construction of telephone lines, and that it does not apply in this case.

We think, further that in order to grant complete relief in a case of this kind, the order of the court should be in the alternative; requiring the defendant, J. Frank Swartz, to pay the cost and expense of raising the cables of the plaintiff upon its poles, so as to permit the passage of said building under the same; and which shall be done by the plaintiff; or, in the event that he refuses so to do, that he be perpetually enjoined from raising such cables or interfering in any manner with the plaintiff in the possession and use of its property.

A decree may be drawn in conformity with the views expressed in this opinion.